**UNITED STATES of America, Appellee,**

v.

**Andres Carlos ORTIZ OLIVERAS,
Defendant, Appellant.**

**No. 82–1326.**

United States Court of Appeals,
First Circuit.

Argued June 9, 1983.

Decided Sept. 9, 1983.

Wallace W. Sherwood, Boston, Mass., for defendant, appellant.

Charles E. Fitzwilliam, with whom Daniel F. Lopez Romo, U.S. Atty., and Jose A. Quiles, Asst. U.S. Atty., Hato Rey, P.R., were on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and TORRUELLA,* District Judge.

LEVIN H. CAMPBELL, Chief Judge.

This is an appeal from the district court's denial of a motion to vacate judgment and sentences pursuant to 28 U.S.C. § 2255. Appellant Andres Carlos Ortiz Oliveras claims that his sixth amendment rights were violated because of ineffective assistance of counsel. We affirm.

In 1975 appellant was charged in two indictments with aiding and abetting two bank robberies in Puerto Rico. He retained Mr. Ortiz Del Riverio as his counsel. On April 5, 1976 trial commenced on the first indictment, criminal No. 75–157. After the jury was empanelled, the defendant, after full warning as to his rights, waived the jury and elected to be tried by the court. At the trial one of the government's main witnesses was Barreras Cruz, a co-defend-ant who had pled guilty before the same district judge, Chief Judge Toledo, who was presiding over appellant's trial. Barreras was identified by various bank employees as the robber and he in turn identified appellant as a principal instigator and assistant in the robbery. Mr. Ortiz Del Riverio strenuously objected to the introduction of Barreras' testimony, arguing that Barreras' plea bargain in which he had agreed to testify against defendant in return for favorable treatment by the prosecutor violated Rule 11 of the Federal Rules of Criminal Procedure and was inherently unfair. The court rejected that argument. At the conclusion of the trial, in which no witnesses were presented for the defense, the court found Ortiz Oliveras guilty as charged.

The trial on the second indictment, criminal No. 75–226, began on April 28, 1976. Once again the defendant waived his right to be tried by a jury and elected to be tried by Chief Judge Toledo. In so doing, he was interrogated by the judge as to the voluntariness of his waiver and his understanding of his right to a jury trial. As in the earlier case the defense presented no witnesses and the government's chief witness was Barreras Cruz, whose testimony defense counsel again objected to as violating Rule 11 and general tenets of due process and fairness. The district court again rejected that argument and found the defendant guilty.

On August 13, 1976 defendant was sentenced to 25 years and a $10,000 fine on No. 75–157 and 30 years on No. 75–226. On March 6, 1978 this court affirmed the convictions in an unpublished opinion. On April 14, 1978 this court denied Ortiz Oliveras' pro se petition for rehearing. The Supreme Court denied his petition for certiorari on May 1, 1978, 435 U.S. 1010, 98 S.Ct. 1885, 56 L.Ed.2d 393.

On April 22, 1980 Ortiz Oliveras filed the instant § 2255 motion claiming ineffective assistance of counsel based upon numerous allegations. The district court referred the case to a magistrate who held a hearing at

* Of the District of Puerto Rico, sitting by designation.

which argument was heard on all of Ortiz's allegations, but the receipt of evidence was limited to his contention that his lawyer had failed to meet with him. Petitioner objected to this limitation but did not appeal the denial of his objection to the district court. Following the hearing, the magistrate issued a comprehensive report recommending dismissal of the motion. A timely appeal was taken to the district court which denied the § 2255 motion in an opinion and order dated March 17, 1982.

*Failure of counsel to meet with appellant*

■ Appellant's most serious claim of ineffective assistance was that defense counsel had refused to meet with him at all. This claim was fully aired at an evidentiary hearing before the magistrate who,

"after having heard the testimony of all witnesses, found petitioner's allegations to be untrue. The record of the hearing reflects that in fact counsel Ortiz met with petitioner on various occasions."

This finding was sustained by the district court. We have read the record of the hearing, and we think it supports the district court's refusal to credit appellant's allegations in this regard. We accordingly affirm the court's rejection of appellant's claim of ineffective assistance based on counsel's alleged failure or refusal to meet on sufficient occasions with his client.

We add that in argument and in his brief, appellant's present counsel occasionally linked the foregoing claim with a purported failure to interview and call defense witnesses. The record, however, provides no convincing evidence that appellant informed his former counsel of the existence of material witnesses, not otherwise called by the prosecution, who would have given exculpatory testimony in his behalf. Former counsel testified to having been told of no such witnesses.

*Other claims*

On February 24, 1981, the magistrate entered an order setting hearing on appellant's motion to vacate for April 28, 1981. In the order he said he would receive evidence on the claim that counsel would not meet with appellant, *supra,* but would hear only argument on other allegations. Appellant filed an objection to this limitation on April 13, 1981, which the magistrate denied on April 20, 1981. Appellant did not appeal from this denial directly to the district judge within 10 days. (The local rules of the district court of Puerto Rico provide that a magistrate's order is final unless appealed to the district court within 10 days.) While the failure to pursue such an appeal may be a further ground for sustaining the lower court's refusal to hold an expanded hearing, we agree with the district court that, in any event, the "files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, hence an evidentiary hearing was not required on these other matters. *United States v. DiCarlo,* 575 F.2d 952 (1st Cir.), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978); *Miller v. United States,* 564 F.2d 103 (1st Cir.1977), *cert. denied,* 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978). We deal with the claims seriatim:

1. *Counsel's reliance on the theory that the testimony of the government's chief witness, Barreras, should be stricken because improperly secured under the plea bargain*

Appellant argues that only ignorance and neglect could have led counsel to seek exclusion of Barreras' testimony on the ground he presented, namely that Fed.R. Crim.P. 11 (or some general principle of constitutional fairness) was violated by the requirement in Barreras' plea agreement that he testify against Ortiz and other accomplices. This court dismissed the argument as "patently absurd" when it was presented in appellant's criminal appeal. But while the argument was weak, its assertion was not necessarily indicative of ignorance or neglect.

■ First, as the magistrate and district court pointed out, tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance. *United States v. Bosch,* 584 F.2d 1113 (1st Cir.1978).

Only where a defense decision is completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy, is further review into counsel's competence required. 584 F.2d at 1122. *See Marzullo v. Maryland,* 561 F.2d 540 (4th Cir.1977), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978).

■ Second, while counsel's "Rule 11" argument was weak, it could well have been the best available in the circumstances. Appellant argues, vaguely, that counsel should have investigated more energetically and found some good witnesses, but there is no convincing evidence of the existence of viable defenses which counsel somehow overlooked.

Third, counsel was entirely correct in his perception that Barreras' testimony was the greatest single threat to his client, and that something needed to be done to counter and, if possible, exclude it. No *better* argument than the one presented has been suggested for getting rid of that testimony. The argument had the virtue of highlighting the one conventional point that clearly could and should be made—that Barreras' credibility was suspect in view of the favors promised him by the prosecutor. And while counsel may have been straining when he went on to ask the court to exclude Barreras' testimony altogether, the contention was not altogether foolish. We cannot say there is no force to the argument that a plea bargain conditioned upon an agreement to testify against a former confederate may create such an incentive to commit perjury as to violate public policy. In a more perfect world, the courts should perhaps not put their seal of approval on such an arrangement, or indeed on plea bargains at all. Counsel, a criminal defense lawyer with extensive experience, testified at the

hearing below that he continues to believe that conditional plea bargains of this nature are wrong as a matter of law and policy.

In all the circumstances—given the faint ray of hope offered by the argument, the seeming lack of better alternatives, and the absence of positive harm—we see no basis whatever for holding that propounding the argument suggested ineffective assistance of counsel. We add that we have read the transcripts of both trials and, like the district court, believe that counsel handled himself in an active, effective and professional manner.

*2. Waiver of a jury*

■ The second tactical issue challenged by appellant as demonstrating ineffective assistance is counsel's advice to waive a jury and be tried by Chief Judge Toledo in both trials.**

■ A reading of the record in the first trial reveals that the evidence was very strong, indeed overwhelming. Counsel could well have reasoned that the possibility of acquittal by a jury was remote and, depending on his evaluation of the particular judge relative to the particular juries then sitting, could have decided that the former presented a lesser threat. The late Chief Judge Toledo was widely regarded both for his competence and compassion. Furthermore, in seeking the exclusion of Barreras' testimony, a bench trial, with undivided access to the judge, might have seemed preferable. Finally, in the event of a guilty verdict, counsel may have believed the judge would be more sympathetic in sentencing after a bench trial. Defendant himself joined in waiving a jury; and while this does not preclude a claim of ineffective assistance, it does indicate that defendant

---

** There is no merit to the contention that counsel demonstrated incompetence by not asking Chief Judge Toledo to recuse himself, since he had just accepted Barreras' guilty plea and thus knew about the case. We held on appeal in this very case that recusal was not mandatory. Failure to press a discretionary motion, especially at the risk of alienating the judge, does not amount to ineffective assistance. *United States v. Talavera,* 668 F.2d 625 (1st Cir.), *cert.* denied, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982); *United States v. Thomann,* 609 F.2d 560 (1st Cir.1979). Moreover, the very same information the judge received in accepting Barreras' plea was presented—in much more elaborate and vivid detail—in the trial itself. Whoever tried the case would have ended up with full exposure to Barreras' version of events.

voluntarily agreed to this strategy at the time. In sum, this tactical choice can hardly be the basis for a claim of unconstitutional representation.

Respecting the jury waiver in the second trial—resulting in a trial before the same judge who had already convicted once on the basis of Barreras' testimony—the facts of the two alleged robberies are material. The first trial involved the highly successful robbery of a very large sum from the Banco de San Juan on May 6, 1975. The second involved the robbery several months earlier of a much smaller sum from the United Federal Savings & Loan Association. The evidence of appellant's involvement as an aider and abettor in the United Federal robbery was weaker and more remote than in the Banco de San Juan robbery. Under these circumstances, counsel might have believed that the judge, having already convicted his client on the very strong evidence of the first trial, might be more prone than a jury to throw out the second case as trivial and marginal. Alternatively, even if there was a conviction, the sentences (which were imposed at the same time in both cases) would likely be concurrent, and it might rationally have been thought that the sentence for the lesser robbery would be less, resulting in little net loss to defendant. To be sure, it is possible to make out a case that the odds would have been better in a jury trial. But even so it is not clear the chances for acquittal before a jury were so manifestly superior as to make up for the possibility of a tougher sentence if the defendant had demanded a jury and conviction had resulted. Even if the jury acquitted, the judge could still have given the maximum sentence on the first conviction were he convinced the defendant deserved it. These are the imponderables defense attorneys face. After the fact it is easy to fault a particular choice, but we cannot say the choice made was so irrational as to indicate incompetence.

Defendants, fairly convicted on sufficient evidence before an impartial judge, may not later try their attorneys with respect to tactical and strategic choices of this nature. Appellant points to no important evidence of innocence which was ignored by counsel, no claims going to the basic merits of his conviction, and no genuine alternatives which counsel overlooked. Rather he is annoyed that the chosen tactics failed and seeks a chance to devise new tactics. We do not believe the tactics pursued by counsel evidenced conduct outside the range of competence expected of attorneys in criminal cases. *United States v. Bosch,* 584 F.2d 1113 (1st Cir.1978).

3. *Failure to request that the testimony of two tellers be stricken*

■ Appellant contends that counsel should have moved to strike the testimony of two tellers who said they recognized bills found on the defendant when he was arrested. This testimony is said to have been in conflict with that of the bank auditor who had indicated that he and another individual had access to the vault from which the bills were stolen. Assuming there is any conflict, which is unclear, it would be a matter of credibility for the trier of fact, not a basis for striking testimony. The issue is not a sufficient ground to establish incompetency of counsel.

4. *Failure to impeach Barreras' testimony with appellant's passport*

Appellant contends that his former counsel lacked competency because he did not point out that appellant's passport, which was placed in evidence, impeached Barreras' testimony. Barreras had testified that appellant met with him in Arizona in 1975. We have examined the passport and cannot determine its relevance. If appellant believed the passport had a message, he should have spelled it out. We note that Barreras' testimony as to the Arizona meeting was corroborated at the trial by another government witness, George Diaz. Moreover, even if appellant were in Greece in August he could also have been in Arizona. In any case nothing now before us indicates that counsel was deficient in this regard.

5. *Remaining issues*

Appellant raised several other issues designed to show that counsel was ineffective.

We have reviewed each of these in light of the record and papers before us and find that none of them raises any question of constitutional significance.

*Affirmed.*