USCA1 Opinion

 

 September 11, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1003 GERARD L. READY, Petitioner, Appellant, v. PAUL SCOPA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ___________________ Gerard L. Ready on brief pro se. _______________ Scott Harshbarger, Attorney General, and Robert N. Sikellis, _________________ __________________ Assistant Attorney General, on brief for appellee. __________________ __________________ Per Curiam. We have reviewed the briefs of the parties ___________ and the record on appeal. We affirm essentially for the reasons stated in the magistrate judge's "Findings and Recommendations," dated June 21, 1991, and the district court's Memorandum and Order, dated October 28, 1991. We add only the following comments. 1) Ready is correct that the state courts' conclusion on the issue of ineffective assistance of counsel is not a factual finding entitled to a presumption of correctness pursuant to 28 U.S.C. 2254(d). Strickland v. Washington, __________ __________ 466 U.S. 668, 698 (1984). Similarly, he is correct that the state courts' conclusion as to the voluntariness of his plea is also not a factual finding entitled to that presumption. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). But, in ________ _________ each instance, the findings of fact made by the state courts in the course of deciding these issues are entitled to the ___ statutory presumption of correctness evidenced in 2254(d). Strickland v. Washington, 466 U.S. at 698; Marshall v. __________ __________ ________ Lonberger, 459 U.S. at 431-32. _________ In this case, Ready has argued that his counsel was ineffective and his guilty plea was involuntary because his counsel failed to pursue, or inform him (and he was otherwise unaware) of, the defense of insanity - in particular, a defense claiming that, due to a mental disease or defect, he -2- lacked the substantial capacity to conform his conduct to the requirements of law. But, in ruling on Ready's motion for a new trial, the state courts found that the proffered affidavits from therapists were conclusory, lacking supporting information. This is a factual issue determined after a hearing on the merits and thus entitled to the presumption of correctness. 28 U.S.C. 2254(d).1 Ready has not shown that that factual determination was erroneous. Having failed to support his claim of the existence of a viable insanity defense, Ready's claims that his guilty plea was involuntary and his counsel ineffective in failing to raise and/or inform him of that defense necessarily falls as well. See United States v. Porter, 924 F.2d 395, 397 (1st ___ _____________ ______ Cir. 1991) (appellant must show that counsel overlooked some "viable defenses") (quoting United States v. Ortiz Oliveras, _____________ ______________ 717 F.2d 1, 4 (1st Cir. 1983)). 2) Henderson v. Morgan, 426 U.S. 637 (1976), instructs us _________ ______ that a guilty plea is not voluntary in a constitutional sense "unless the defendant received 'real notice of the true ____________________ 1. Ready is incorrect insofar as he is claiming that the hearing referred to in 2254(d) must be one in which the court takes live testimony. Smith v. Estelle, 711 F.2d 677, _____ _______ 681 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984). The ____________ state trial court held a hearing, in the course of which it accepted Ready's submissions of affidavits in support of his motion for a new trial. It is also noteworthy that Ready, who was represented by counsel at this hearing, did not offer, nor request an opportunity to offer, testimony. -3- nature of the charge against him, the first and most universally recognized requirement of due process.'" Id. at ___ 645 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). _____ _______ Ready does not dispute that he was informed of all the elements of the offenses to which he pled guilty. His attempt, in effect, to liken the insanity defense to an additional element is expressly refuted by Massachusetts caselaw. "While we believe that, under Winship, sanity _______ becomes a 'fact' of the crime charged after evidence of insanity has been adduced, we do not believe that sanity is an 'element' of any given crime". Commonwealth v. Kostka, ____________ ______ 370 Mass. 516, 532 (1976). The Commonwealth has the ultimate burden of proving a defendant's criminal responsibility beyond a reasonable doubt but only after the question of the defendant's sanity has been raised. Id. We believe that the ___ state courts and the federal district court correctly concluded, based on the evidence before the state trial court at the time of Ready's guilty plea, that that plea was voluntary. And, as we have said, the district court properly deferred to the state courts' further finding that the evidence Ready subsequently proffered with his post- conviction motion failed to raise a viable insanity defense. We find no basis, therefore, for concluding that Ready's guilty plea violated the teaching of Henderson. _________ -4- Affirmed. Per Curiam. We have reviewed the briefs of _________ __________ the parties and the record on appeal. We affirm essentially for the reasons stated in the magistrate judge's "Findings and Recommendations," dated June 21, 1991, and the district court's Memorandum and Order, dated October 28, 1991. We add only the following comments. 1) Ready is correct that the state courts' conclusion on the issue of ineffective assistance of counsel is not a factual finding entitled to a presumption of correctness pursuant to 28 U.S.C. 2254(d). Strickland v. Washington, __________ __________ 466 U.S. 668, 698 (1984). Similarly, he is correct that the state courts' conclusion as to the voluntariness of his plea is also not a factual finding entitled to that presumption. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). But, in ________ _________ each instance, the findings of fact made by the state courts in the course of deciding these issues are entitled to the ___ statutory presumption of correctness evidenced in 2254(d). Strickland v. Washington, 466 U.S. at 698; Marshall v. __________ __________ ________ Lonberger, 459 U.S. at 431-32. _________ In this case, Ready has argued that his counsel was ineffective and his guilty plea was involuntary because his counsel failed to pursue, or inform him (and he was otherwise unaware) of, the defense of insanity - in particular, a defense claiming that, due to a mental disease or defect, he -5- lacked the substantial capacity to conform his conduct to the requirements of law. But, in ruling on Ready's motion for a new trial, the state courts found that the proffered affidavits from therapists were conclusory, lacking supporting information. This is a factual issue determined after a hearing on the merits and thus entitled to the presumption of correctness. 28 U.S.C. 2254(d).1 Ready has not shown that that factual determination was erroneous. Having failed to support his claim of the existence of a viable insanity defense, Ready's claims that his guilty plea was involuntary and his counsel ineffective in failing to raise and/or inform him of that defense necessarily falls as well. See United States v. Porter, 924 F.2d 395, 397 (1st ___ _____________ ______ Cir. 1991) (appellant must show that counsel overlooked some "viable defenses") (quoting United States v. Ortiz Oliveras, _____________ ______________ 717 F.2d 1, 4 (1st Cir. 1983)). 2) Henderson v. Morgan, 426 U.S. 637 (1976), instructs us _________ ______ that a guilty plea is not voluntary in a constitutional sense "unless the defendant received 'real notice of the true ____________________ 1. Ready is incorrect insofar as he is claiming that the hearing referred to in 2254(d) must be one in which the court takes live testimony. Smith v. Estelle, 711 F.2d 677, _____ _______ 681 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984). The ____________ state trial court held a hearing, in the course of which it accepted Ready's submissions of affidavits in support of his motion for a new trial. It is also noteworthy that Ready, who was represented by counsel at this hearing, did not offer, nor request an opportunity to offer, testimony. -6- nature of the charge against him, the first and most universally recognized requirement of due process.'" Id. at ___ 645 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). _____ _______ Ready does not dispute that he was informed of all the elements of the offenses to which he pled guilty. His attempt, in effect, to liken the insanity defense to an additional element is expressly refuted by Massachusetts caselaw. "While we believe that, under Winship, sanity _______ becomes a 'fact' of the crime charged after evidence of insanity has been adduced, we do not believe that sanity is an 'element' of any given crime". Commonwealth v. Kostka, ____________ ______ 370 Mass. 516, 532 (1976). The Commonwealth has the ultimate burden of proving a defendant's criminal responsibility beyond a reasonable doubt but only after the question of the defendant's sanity has been raised. Id. We believe that the ___ state courts and the federal district court correctly concluded, based on the evidence before the state trial court at the time of Ready's guilty plea, that that plea was voluntary. And, as we have said, the district court properly deferred to the state courts' further finding that the evidence Ready subsequently proffered with his post- conviction motion failed to raise a viable insanity defense. We find no basis, therefore, for concluding that Ready's guilty plea violated the teaching of Henderson. _________ Affirmed. _________ -7-