USCA1 Opinion

 

 March 22, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1809 RAMON A. ABREU, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Ramon Alfredo Abreu on brief pro se. ___________________ Edwin J. Gale, United States Attorney, and Kenneth P. Madden, ______________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Ramon Abreu was ___________ convicted on July 5, 1990 of thirteen counts of drug and firearms offenses, and was sentenced to twenty-eight years imprisonment. On January 3, 1992, this court affirmed Abreu's conviction, with the exception that this court vacated his conviction on one count of conspiracy to distribute cocaine. United States v. Abreu, 952 F.2d 1458 _____________ _____ (1st Cir.), cert. denied, 112 S. Ct. 1695 (1992). ____________ On April 12, 1993, Abreu filed a pro se motion to vacate sentence under 28 U.S.C. 2255, raising a number of grounds. On May 24, 1993, he filed an amendment to his motion, raising additional grounds. The district court denied Abreu's motion on June 7, 1993. We affirm. Prosecutorial misconduct in the grand jury __________________________________________ Abreu alleges that a Drug Enforcement Administration agent, Robert Botelho, gave perjured testimony to the grand jury that indicted Abreu. Specifically, Botelho testified to the grand jury that Abreu had stated that Abreu had ten people working for him. Botelho further testified that in searching an apartment in Woonsocket, R.I. from which a handgun and $ 26,000 in U.S. currency were seized, federal agents also seized utility bills and correspondence in Abreu's name. In contrast, other federal agents testified at trial that Abreu had stated that he had six or seven people working for him; that a video card, insurance cards, a receipt for an insurance payment, and money transfer receipts in Abreu's name were seized from the apartment; and that the money transfer receipts listed the apartment as Abreu's address. We agree with the district court that Agent Botelho's misstatements to the grand jury could not have prejudiced Abreu. The precise number of people working for Abreu was relevant only to his conviction for conducting a continuing criminal enterprise in violation of 21 U.S.C. 848. That section requires acting "in concert with five or _______ more other persons with respect to whom such person occupies ____ a position of organizer, a supervisory position, or any other position of management." 21 U.S.C. 848(c)(2)(A) (emphasis added). It was therefore of no importance whether Abreu supervised six people or ten, as long as he supervised five or more. Similarly, the documents bearing Abreu's name that were seized at the apartment were relevant only to connect Abreu to that apartment, where evidence of drug and firearms offenses had been found. The particular documents testified to at trial -- especially the money transfer receipts listing the apartment as Abreu's address -- established that -3- connection at least as strongly as Agent Botelho's erroneous testimony had. Abreu has said nothing to suggest that Agent Botelho's misstatements were intentional and perjurious. Indeed, given the relative insignificance of these misstatements and the lack of resulting prejudice to Abreu, Abreu's allegation of perjury strains credulity. A showing of prejudice to the defendant is necessary before an indictment may be dismissed because of errors in grand jury proceedings. United States v. Valencia- _____________ _________ Lucena, 925 F.2d 506, 511 (1st Cir. 1991). Where, as here, ______ the defendant already has been convicted, an indictment may be dismissed only on account of egregious prosecutorial misconduct. United States v. Rivera-Santiago, 872 F.2d 1073, _____________ _______________ 1088 (1st Cir.), cert. denied, 492 U.S. 910 (1989). Since ____________ there was no prejudice here, and no evidence of any prosecutorial misconduct at all, there was no basis to dismiss the indictment, in whole or in part. Sufficiency of the evidence of firearms offenses  ________________________________________________ In his May 24, 1993 amendment to his 2255 motion, Abreu argued that the evidence was insufficient to convict him on Counts XIII and XIV of the indictment. Count XIII charged him with using a firearm during and in relation to a -4- drug trafficking crime; Count XIV charged him with possession of an unregistered shotgun. In his brief on appeal, Abreu objects that the district court failed to address these claims in its dismissal order. Both of these sufficiency-of-the-evidence arguments were raised by Abreu and squarely rejected by this court in Abreu's direct appeal from his conviction. Abreu, supra, 952 _____ _____ F.2d at 1466 (Count XIII), 1469 (Count XIV). Abreu cannot relitigate them collaterally in a 2255 motion. United ______ States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990).  ______ _______ In light of our rulings on direct appeal, any failure by the district court to consider these claims was inconsequential. We note, in any event, that the district court did state in its dismissal order that it would not consider claims already rejected by this court on direct appeal. Abreu also objects that whereas he was charged in Counts XIII and XIV with offenses involving a shotgun with serial number 145266, the government submitted a written statement of a police officer to the effect that a shotgun bearing serial number 48084 had been test fired and was found to be in operating condition. Abreu contends that the government should have been required to explain this additional shotgun, and that the discrepancy in serial -5- numbers requires that his conviction on those counts be vacated. We agree with the government that in essence this is merely another, precluded attack on the sufficiency of the evidence to convict on Counts XIII and XIV. The police officer's statement, moreover, only concerned the shotgun's operability. Any discrepancy as to serial numbers therefore did not detract from the government's evidence regarding Abreu's possession or use of the shotgun numbered 145266. In any event, the government points out in its brief on appeal that before trial the government provided Abreu's counsel with a corrected statement by the same police officer, testifying to the operability of shotgun number 145266. Ineffective assistance of counsel _________________________________ Abreu's final challenge is to the district court's dismissal of his claim of ineffective assistance of counsel at trial. In his 2255 motion, Abreu claimed that counsel was ineffective for opposing Abreu's desire to testify; failing to pursue an evidentiary hearing; failing to inform Abreu of the evidence against him; and failing to provide Abreu with copies of documents, such as grand jury notes and transcripts and exculpatory materials the government was -6- required to provide to the defense under Brady v. Maryland, _____ ________ 373 U.S. 83 (1963). To succeed on an ineffective assistance of counsel claim, a defendant must show (1) that counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense because, but for counsel's errors, the result of the trial would have been different. Strickland v. __________ Washington, 466 U.S. 668, 687-88 (1984); Murchu v. United __________ ______ ______ States, 926 F.2d 50, 58 (1st Cir.), cert. denied, 112 S.Ct. ______ ____________ 99 (1991). With regard to counsel's failure to permit Abreu to testify -- the point upon which Abreu puts the greatest emphasis -- Abreu has said nothing to suggest that his failure to testify prejudiced his defense in any way. He has never specified what he would have said that he believes would have turned the tide in his favor. Indeed, as both the district court and the government note, Abreu alleged that when Abreu asked his counsel about testifying, counsel responded, "What are you going to say?" Apparently Abreu did not inform counsel then, and he has shed no further light on the question since. In addition, Abreu has offered nothing to cast doubt on the district court's finding that Abreu's failure to testify was a tactical decision. "[T]actical decisions, -7- whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." United States v. Ortiz Oliveras, 717 F.2d 1, 3 _____________ ______________ (1st Cir. 1983). Furthermore, given the apparent strength of the government's evidence, we have no reason to doubt the district court's judgment that, whatever the eventual outcome of the trial, this tactical decision was a wise one. With regard to the other allegations of ineffective assistance raised briefly in Abreu's 2255 motion -- that counsel failed to provide Abreu with copies of documents, including grand jury notes and transcripts and Brady _____ materials; failed to pursue an evidentiary hearing; and failed to inform Abreu of the evidence against him -- Abreu similarly does not explain how these alleged errors, if they occurred, prejudiced his defense. He does argue that these errors prevented him from raising at trial -- rather than later -- the matters of Agent Botelho's allegedly perjured testimony before the grand jury and the discrepancy in the shotgun's serial number on the original report of the police operability test. As we have already ruled, however, any such challenges would have been meritless. In his brief on appeal, Abreu raises a number of additional allegations of ineffective assistance that were not contained in his 2255 motion or in the amendment thereto. He alleges that counsel failed to object to the -8- district court's participation in the examination of witnesses; failed to object to the admission of certain cocaine evidence; failed to object to jury instructions; and failed to object to the prosecutor's closing argument. Having failed to present these allegations, in the context of a claim of ineffective assistance of counsel, to the district court in the first instance, Abreu is precluded from raising them for the first time on appeal. Dziurgot v. ________ Luther, 897 F.2d 1222, 1224 (1st Cir. 1990). ______ In any event, each of the practices to which Abreu's counsel failed to object was cited in Abreu's direct appeal, and this court affirmed the district court on each point. Abreu, supra, 952 F.2d at 1470-72. Although we did _____ _____ make clear in Abreu that, in the absence of contemporaneous _____ objections, our review was only for plain error, id., our __ discussion there suggested that these were not troublesome issues. In light of that discussion, Abreu has said nothing to suggest that counsel's failure to object on any of these points may have affected the outcome of either his trial or his appeal. Conclusion  __________ We have considered each of Abreu's remaining arguments and find them meritless. -9- The district court's dismissal of Abreu's motion to vacate sentence under 28 U.S.C. 2255 is affirmed. ________ -10-