107 F.3d 20
 97 CJ C.A.R. 204
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charlie EDWARDS, Petitioner-Appellant,
v.
John THOMAS, Warden, Respondent-Appellee.
 No. 94-2265.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1997.
 
 ORDER AND JUDGMENT*
 Before SEYMOUR, TACHA, and EBEL, Circuit Judges.
 
 
 1
 Charlie Edwards appeals from an order of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and denying his motion for an evidentiary hearing. Although Edwards filed his notice of appeal one day late, the district court granted his motion to extend the time for filing his notice of appeal.
 
 
 2
 On appeal Edwards contends that (1) the Double Jeopardy Clause prohibits his conviction and consecutive sentences on one count of second degree murder and two counts of aggravated battery, (2) his plea was not knowing and voluntary due to ineffective assistance of counsel, and (3) the district court erred by denying his motion for an evidentiary hearing on his ineffective assistance of counsel charge. The State moves to dismiss Edwards's appeal for lack of jurisdiction, arguing that the district court abused its discretion by extending his time to file a notice of appeal.
 
 
 3
 We construe Edwards's notice of appeal as an application for a certificate of appealability. See Fed. R.App. P. 22(b); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir.1996) (holding that "substantial showing of the denial of a constitutional right" in the AEDPA is the same standard as "substantial showing of the denial of a federal right" required for a certificate of probable cause under pre-AEDPA law), cert. denied, 65 U.S.L.W. 3488 (U.S. Jan 13, 1997) (No. 96-6621). We find that Edwards has made a substantial showing of the denial of a constitutional right, and therefore grant Edwards a certificate of appealability.[2] We exercise jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.
 
 FACTS
 
 4
 On October 9, 1991, Edwards stabbed his estranged wife to death in the stairwell of her apartment complex. At the time of the killing, Edwards was an Air Force Staff Sergeant. On October 22, 1991, a New Mexico grand jury charged Edwards with first degree murder and tampering with evidence. To avoid the perceived threat of military prosecution and the concomitant threat of harsher punishment, Edwards entered a plea agreement with the New Mexico authorities.
 
 
 5
 Edwards agreed to plead no contest to an information that contained one count of second degree murder, two counts of aggravated assault, and one count of aggravated attempted burglary, in exchange for dismissal of the indictment and a sentence of twenty-four years incarceration. Edwards acknowledges that United States Air Force personnel insisted that they would also seek to prosecute Edwards unless he received a state sentence of twenty-four years or more.
 
 
 6
 On March 10, 1992, Edwards entered his plea in accordance with the terms of the written plea agreement. At Edwards's plea allocution the prosecutor described the crime:
 
 
 7
 [O]n or between the 8th and 9th ... of October, 1991, ... Mr. Edwards ... went to an apartment off base rented by his wife, Leticia Edwards, ... to discuss [their] marital separation.... At the time that Mr. Edwards went to the off-base apartment ... he was armed with a knife[. He] went up to the apartment where Mrs. Edwards resided, knocked on the door and found she was not there. Apparently, he turned around and was leaving the apartment complex, and somewhere in the landing or stairwell of the stairs he encountered Mrs. Edwards. Apparently they had a discussion. The end result of this discussion is that Mrs. Edwards was stabbed numerous times by Mr. Edwards with a knife that he was carrying. Ultimately, ... Mrs. Edwards dies.
 
 
 8
 ... [T]he cause of death was homicide, specifically, the stabbing she had received at the hands of Sergeant Edwards.
 
 
 9
 ...
 
 
 10
 ... [I]t was alluded to by Sergeant Edwards, ... that [the] aggravated burglary [occurred] when he attempted to force his way into the apartment that was rented by Mrs. Edwards. The only reason he was unable to complete the act was that the door was locked and Mrs. Edwards was not home, but he was, in fact, armed with a knife at that time.
 
 
 11
 The New Mexico district court sentenced Edwards to twenty-four years imprisonment and granted the State's motion to dismiss the indictment. On state habeas review of Edwards's double jeopardy argument, the New Mexico district court found that "there were acts which were sufficiently separate to establish the three charges."
 
 DISCUSSION
 
 12
 I. Extension of the Notice of Appeal Filing Period
 
 
 13
 The State moves to dismiss Edwards's appeal for lack of jurisdiction, arguing that the district court abused its discretion by extending Edwards's time to file a notice of appeal. A party must file a notice of appeal within thirty days after the district court enters judgment unless the district court extends the filing period upon a showing of "excusable neglect." Fed. R.App. P. 4(a)(1) & 4(a)(5). We review the district court's determination that Edwards has shown excusable neglect for abuse of discretion. Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991).
 
 
 14
 Edwards's counsel attempted in good faith to comply with Rule 4, but failed because an unusually busy secretary misplaced the unfiled notice of appeal. We find that this error falls within the parameters of "inadvertence, mistake, or carelessness" that may, in turn, constitute "excusable neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388 (1993); City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir.1994), cert. denied, 115 S.Ct. 1254 (1995). The length of the delay was minimal, Edwards acted in good faith, and the delay did not prejudice the State. We therefore hold that the district court did not abuse its discretion in granting Edwards an extension.[2] Accordingly, the State's motion to dismiss the appeal for lack of jurisdiction is DENIED.
 
 II. Edwards's Constitutional Arguments
 
 15
 A knowing and intelligent guilty plea[3] made by a defendant, who has been advised by constitutionally competent counsel, may not be collaterally attacked except when the charge subject to attack was one that the State could not constitutionally prosecute. United States v. Broce, 488 U.S. 563, 574-75 (1989). Such a plea is subject to collateral attack where a double jeopardy violation is apparent on the face of the charging instrument in light of the record existing at the time the plea was entered. Id. at 575-76; Thomas v. Kerby, 44 F.3d 884, 888 (10th Cir.1995). We first address Edwards's double jeopardy argument and then evaluate his contention that ineffective assistance of counsel rendered his plea involuntary and unintelligent.
 
 A. Double Jeopardy
 
 16
 Edwards argues that the Double Jeopardy Clause prohibits the imposition of consecutive sentences for his convictions of second degree murder and two counts of aggravated battery. We review the district court's resolution of the double jeopardy issue de novo, and its factual findings for clear error. Earnest v. Dorsey, 87 F.3d 1123, 1128 (10th Cir.1996), cert. denied, 65 U.S.L.W. 3399 (U.S. Dec 02, 1996) (No.96-6280).
 
 
 17
 With specified exceptions inapplicable here, we presume the implicit and explicit factual findings of the state habeas court to be correct, Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir.1996), "even when those facts may be dispositive of the ultimate constitutional issue." Earnest, 87 F.3d at 1128 (citation omitted). "The presumption applies to basic, primary, or historical facts and the inferences that can properly be drawn regarding them." Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir.1989) (citations omitted), cert. denied, 494 U.S. 1035 (1990). Edwards fails to plead facts that would overcome the presumption of factual correctness. Therefore, we presume that the state court's findings relevant to our determination below are correct.
 
 
 18
 The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In part, the Double Jeopardy Clause protects against "multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnote omitted). Edwards contends that his sentence was based upon the impermissible stacking of counts in the information, resulting in multiple punishments for the same offense. He points to two specific double jeopardy violations. First, he contends that he cannot be convicted for the two identical counts of aggravated battery. Second, he argues that he cannot be convicted for both second degree murder and the lesser included offense of aggravated battery.
 
 
 19
 By entering a plea of guilty to the four counts of the information, Edwards admitted both that he "did the discrete acts described in the [information]," and that he was guilty of the substantive crimes charged in the information. Broce, 488 U.S. at 570. On state habeas review of Edwards's double jeopardy argument, the New Mexico district court considered the information and Edwards's plea allocution and found that "there were acts which were sufficiently separate to establish the three charges" of second degree murder, aggravated assault, and a second aggravated assault. We presume this finding to be correct.
 
 
 20
 Edwards is therefore barred from challenging his multiple convictions on double jeopardy grounds unless he "conclusively demonstrate[s]" that the acts which formed the basis of his plea necessarily constitute a single offense. Thomas, 44 F.3d at 889. Edwards has failed to do so. Although further factual development might allow Edwards to prove that his conviction and sentence caused multiple punishments for the same offense, his plea forecloses such factual development. Therefore, we are unable to conclude that the facts which Edwards admitted during his plea allocution could not form the basis for the separate crimes to which he pleaded guilty. Edwards's argument merely reveals "question[s] of fact that might have been resolved in petitioner's favor if he had disputed the matter at trial," but which remain unresolved due to Edwards's "formal admission of guilt." Thomas, 44 F.3d at 889. The information and record before the sentencing court involved "counts with facial allegations of distinct offenses." Broce, 488 U.S. at 570. We therefore hold that Edwards's plea to the three disputed counts of the information was a "binding concession" that he committed three separate offenses. Thomas, 44 F.3d at 889. Thus, Edwards is barred from raising a double jeopardy challenge to his conviction by collateral attack.
 
 
 21
 B. Voluntariness of Plea and Ineffective Assistance of Counsel
 
 
 22
 Edwards contends that ineffective assistance of trial counsel rendered his plea involuntary and unintelligent. Specifically, Edwards maintains that his counsel (1) encouraged him to enter a plea that resulted in multiple punishments for a single offense, (2) misled him by overestimating the likelihood of military prosecution, and (3) encouraged him to enter a plea to one count of aggravated burglary, an offense that he claims that he did not commit.
 
 
 23
 We review a claim of ineffective assistance of counsel de novo. Nickel v. Hannigan, 97 F.3d 403, 408 (10th Cir.1996). To prevail, Edwards must show first, that the performance of his counsel fell below an objective standard of reasonableness, and second, that his deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). To succeed under the first prong, Edwards must overcome a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance; that is [Edwards] must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.' " Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 24
 We conclude that Edwards fails to overcome the presumption that his counsel acted reasonably, especially in light of our disposition of Edwards's double jeopardy argument. Edwards's vague reference to "military regulations" without citation fails to remedy the absence of support in the record for his argument that his counsel overestimated the likelihood of military prosecution. In fact, the record contains Edwards's copy of correspondence between his counsel and Air Force authorities that indicates that a twenty-four year sentence would be necessary to fully remove the possibility of military prosecution. Likewise, because he does not challenge his aggravated burglary conviction, Edwards cannot now contend that he did not commit that crime.
 
 
 25
 Most importantly, the record of Edwards's plea negotiations and allocution leads inexorably to our conclusion that his no contest plea was a result of a strategic choice based upon his sober consideration of the alternatives. We agree with the presumptively correct finding of the state habeas court: "[D]efense counsel knew the facts of the case well and he ... worked to lessen the impact of those facts on the ultimate disposition for his client." At the plea allocution both Edwards and his counsel expressly acknowledged that Edwards would probably face thirty years incarceration without parole if convicted by military authorities. The no contest plea presented him an opportunity to minimize his term of incarceration; it was the best option available to him. Edwards repeated this understanding at least three times. The court then reminded him again of his right to take the case to trial to which Edwards responded, "Yes, I do have that choice, but, I have seen evidence [sic], I know what it looks like. I think this would be better."
 
 
 26
 "For counsel's advice to rise to the level of constitutional ineffectiveness, the [defense counsel's] decision ... must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.' " Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir.1995) (quoting United States v. Ortiz Oliveras, 717 F.2d 1, 4 (1st Cir.1983)), cert. denied, 116 S.Ct. 1881 (1996). Edwards has failed to prove that counsel's performance fell below an objective standard of reasonableness.
 
 
 27
 In addition, Edwards fails to demonstrate prejudice. In the context of a guilty plea or plea of no contest, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). At his allocution Edwards stated that he had seen the evidence, knew what it looked like, and chose to enter a plea of no contest based upon its apparent strength. Further, had he chosen to go to trial, he would have been tried on the indicted charges of first degree murder and tampering with evidence, which were dismissed as a result of his plea. Even if we were to assume that counsel's representation was ineffective in some way, we find that there is no reasonable probability that Edwards would have chosen to go to trial had he been given effective assistance.
 
 C. Denial of an Evidentiary Hearing
 
 28
 Edwards also claims that the district court erred in denying him an evidentiary hearing on his ineffective assistance of counsel allegations. "To be entitled to a hearing on this claim, [Edwards] must have alleged facts which, if proven, would establish he received ineffective assistance of counsel." Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir.1996), cert. denied, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6309). As we have discussed, Edwards fails to make credible allegations that his "counsel's performance was deficient" and "that the performance prejudiced [him]." Strickland v. Washington, 466 U.S. 668, 687 (1984). Thus, we conclude that the district court did not err in declining to hold an evidentiary hearing on Edwards's ineffective assistance of counsel claim. The State's motion to dismiss is DENIED and the order of the district court is AFFIRMED in all respects.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Subsequent to briefing in the case at bar, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996) [hereinafter AEDPA] into law. Although several provisions of the AEDPA significantly modified 28 U.S.C. § 2254, the state has not asked us to consider the applicability of the amendments to this appeal. Therefore, we consider the issue waived. See Davis v. Executive Director of Dep't of Corrections, 100 F.3d 750, 755 n. 1 (10th Cir.1996) (citing Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir.1996), in which the Seventh Circuit held that the state waived the issue of the AEDPA's possible bearing on the appeal because it failed to argue it)
 
 
 [2]
 On December 1, 1995, we directed the parties to submit supplemental briefs addressing whether the district court entered a judgment consistent with the requirements of Fed.R.Civ.P. 58, which states that "[e]very judgment shall be set forth on a separate document." Because we hold that the district court did not abuse its discretion in granting Edwards's extension for filing his notice of appeal, we need not address this issue. Moreover, failure to comply with Rule 58 does not deprive us of jurisdiction when "[e]fficiency and judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment." Clough v. Rush, 959 F.2d 182, 186 (10th Cir.1992)
 
 
 [3]
 For the purposes of our analysis, a no contest plea in New Mexico has the same legal consequences as a guilty plea. See Thomas v. Kerby, 44 F.3d 884, 888 n. 4 (10th Cir.1995) (citing State v. Baca, 683 P.2d 970, 972 (N.M.Ct.App.1984), and State v. Ball, 718 P.2d 686, 693 (N.M.1986))