UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 98-4115

MICHAEL TERRENCE REEVES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-97-94-H)

Submitted: February 26, 1999

Decided: March 19, 1999

Before WIDENER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Christopher Henderson, Trenton, North Carolina, for Appel-
lant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, John Howarth Bennett, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Terrence Reeves appeals his conviction for conspiracy to possess cocaine, cocaine base, heroin, and marijuana with the intent to distribute, and conspiracy to distribute the same in violation of 21 U.S.C. § 846 (1994), and use and carry of a firearm under 18 U.S.C.A. § 924(c)(1) (West 1994 & Supp. 1998). Reeves raises two issues on appeal: (1) that there was insufficient evidence to support his conviction; and (2) that there was a variance between the indictment and the evidence adduced at trial. We affirm, and deny Reeves' pending motion to file a pro se supplemental brief.

A conviction should be sustained if, viewed in the light most favorable to the government, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In conducting a review for substantial evidence, circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). To prove a § 846 conspiracy, the government must show that there was an agreement between two or more persons to violate the federal drug laws, that the defendant knew of the agreement, and that he voluntarily joined it. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

In reviewing the record under this standard, we find our opinion in United States v. Banks, 10 F.3d 1044 (4th Cir. 1993), to be controlling. In Banks, we explained that:

> [i]t is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence. Critically, it is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure; the requisite agreement to act in concert need not result in any such formal structure, indeed frequently, in contemporary drug conspiracies, contemplates and results in only a loosely-knit association of

2

members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market (and, undoubtedly on the part of some, by fear of the consequences of abandoning or subverting the enterprise). Furthermore, the fact that parallel suppliers, or middlemen, or street dealers serving such a market may sometimes, or even always, compete for supplies or customers in serving that market does not on that account alone disprove either the existence of a single conspiracy to achieve the overall results of their several efforts, or the participation of particular ones of them in that conspiracy.

Banks, 10 F.3d at 1054.

The evidence presented at Reeves' trial describes precisely such a "loose-knit" conspiracy. Reeves sold drugs within Campbell Terrace, a public housing project in Fayetteville, North Carolina. According to the Government's witnesses, many of them drug dealers themselves, Campbell Terrace was the site of extensive drug dealing. These witnesses explained that, although some dealers worked in groups, and others alone, the project was essentially a "big family" that worked together and looked out for each other in the drug business. If one dealer needed something, he could obtain it from other sellers or groups thereof. The dealers were also protective of the area, and outsiders attempting to sell within the project would be "beat down or shot." Reeves admitted to selling drugs within this atmosphere, and to engaging in drug transactions with a large number of dealers within the project. Given our holding in Banks, we find this evidence sufficient to sustain Reeves' conviction.

Reeves next contends that there was a variance between his indictment, which alleged a single conspiracy, and the evidence adduced at trial, which demonstrated the existence of multiple conspiracies. In a conspiracy prosecution, the Defendant may establish a material variance by demonstrating that the indictment charges a single conspiracy but the evidence adduced at trial proved multiple and separate conspiracies. See Kotteakos v. United States, 328 U.S. 750, 755-56 (1946). The Government bears the burden of proving a single conspiracy charged in an indictment. See United States v. Hines, 717 F.2d

3

1481, 1489 (4th Cir. 1983). "Whether there is a single conspiracy or multiple conspiracies, as well as an agreement to participate in the conspiracy, is a question of fact for the jury and we must affirm its finding of a single conspiracy `unless the evidence, taken in the light most favorable to the government, would not allow a reasonable jury so to find.'" United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994) (quoting United States v. Urbanik, 801 F.2d 692, 695 (4th Cir. 1986)).

A reversal is only proper on variance grounds if the variance infringed the appellant's substantial rights and resulted in actual prejudice. See United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994). To demonstrate actual prejudice from a multiple conspiracy variance, the appellant must show that there were so many defendants and conspiracies before the jury as to make it likely that the jury would transfer evidence from one conspiracy to a defendant who was not involved therein. See id.

Following a review of the trial testimony, we conclude that even if Reeves can demonstrate a variance, he cannot demonstrate prejudice. Although the witnesses testified as to the existence of smaller groups within the Campbell Terrace project, these witnesses unequivocally stated that Reeves was not a part of these groups, but was only a part of the larger unit encompassing the entire project. Further, the evidence presented included only transactions in which Reeves was a participant. Accordingly, we find that even assuming a variance, there was no prejudice to Reeves. We therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4