[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1126

JOSÉ A. RIVERO-CABAÑAS,
Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,
Respondent, Appellee.

---

No. 01-1215

JULIO FIGUEROA-ROMERO,
Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,
Respondent, Appellee.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

---

Before
Torruella, Lynch and Lipez,
Circuit Judges.

---

Martin G. Weinberg, with whom Oteri, Weinberg & Lawson was on brief, for appellant Rivero-Cabañas.
Kenneth J. Fishman, with whom Julie A. Hamon and Fishman, Ankner & Horstmann were on brief, for appellant Figueroa-Romero.
Kimberly Homan, with whom Sheketoff & Homan was on brief or appellants.
Thomas F. Klumper, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, Chief, Criminal Division, were on brief, for appellee.

September 9, 2002

**Per Curiam**.  Appellants José A. Rivero-Cabañas and Julio Figueroa-Romero challenge the district court's dismissal of their motions brought pursuant to 28 U.S.C. § 2255.  Finding no error, we affirm.

## I.

In April 1994, Rivero-Cabañas, Figueroa-Romero, and fifteen co-defendants were named in a ten-count indictment alleging various drug related offenses.  Rivero-Cabañas and Figueroa-Romero were charged in six counts of the indictment.[1]  Roughly a year later, after initially pleading not guilty on all counts, both appellants pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, pursuant to 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and one count of aiding and abetting the use and carrying of firearms during the commission of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1) (Count

---

[1]  The indictment charged them with: conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); attempting to import into the United States from a place outside thereof approximately 3000 pounds of marijuana, in violation of 21 U.S.C. §§ 952, 960 and 963 and 18 U.S.C. § 2 (Count Three); use of a firearm in a drug related offense, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Four); importation into the United States from a place outside thereof approximately 629 kilograms of cocaine, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2 (Count Five); use of a firearm in a drug related offense, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Six); and possession with intent to distribute approximately 629 kilograms (gross weight) of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Seven).  In addition, Rivero-Cabañas was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two).

Six).  In exchange for these guilty pleas, the government agreed to dismiss the remaining counts against them.

On July 7, 1995, the district court sentenced both appellants.  Rivero-Cabañas was sentenced to a term of imprisonment of 168 months as to Count One and sixty months as to Count Six, with the terms to be served consecutively.  Figueroa-Romero was sentenced to a term of imprisonment of 144 months as to Count One and sixty months as to Count Six, also with the terms to be served consecutively.  Appellants sought review on direct appeal.  On appeal, Figueroa-Romero petitioned for and was denied appointed counsel.  On May 21, 1997, this court affirmed the convictions. See United States v. Figueroa-Romero, 114 F.3d 1170 (1st Cir. 1997) (unpublished).

In late 1999, appellants filed separate motions to vacate their sentences under 28 U.S.C. § 2255.  The motions were referred to magistrate judges, who both issued recommendations to deny relief.  The district court, adopting the recommendations, dismissed appellants' cases.  This timely appeal followed.

**II.**

Appellants' § 2255 motions attack their guilty pleas on Count Six of the indictment, charging a violation of 18 U.S.C. § 924.  Both appellants argue that they were denied effective assistance of counsel inasmuch as: (1) their attorneys failed to argue the correct legal standard applicable to aiding and abetting liability under § 924(c)(1); and, (2) their attorneys did not challenge the government's proffer at sentencing and failed to

-4-

request an evidentiary hearing in order to compel the government to establish that appellants satisfied a required element of the offense.  In addition, Figueroa-Romero argues that he was denied due process because he was not given court-appointed counsel for his direct appeals.

When faced with an appeal from the denial of a § 2255 motion, we review the district court's legal determinations <u>de</u> <u>novo</u> and its factual findings for clear error.  <u>Familia-Consoro</u> v. <u>United States</u>, 160 F.3d 761, 764-65 (1st Cir. 1998).

**A.**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, <u>Lema</u> v. <u>United States</u>, 987 F.2d 48, 51 (1st Cir. 1993), which includes effective representation during the plea process, <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52, 56 (1985).  In order for the appellants' ineffective assistance of counsel claims to prevail, they must show that (1) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different.  <u>See</u> <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687 (1984).

To satisfy the first prong, appellants must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.  Thus, the errors of counsel must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." Id. at 687. "Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." United States v. Ortiz-Oliveras, 717 F.2d 1, 3-4 (1st Cir. 1983). And under the second prong, even where unprofessional error during the plea process is shown, no relief is available absent demonstration of a "reasonable probability that, but for counsel's errors, [appellants] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

We are convinced that neither error nor prejudice can be established on the facts here. Appellants' various legal and factual arguments boil down to the same basic contention: that the facts which the appellants admitted were insufficient to support a guilty plea for aiding and abetting the use and carrying of firearms during the commission of a drug trafficking crime, under § 924(c)(1). On the legal front, appellants complain that their attorneys should have argued to the court that the knowledge element necessary to support a conviction under § 924(c)(1) is that of "practical certainty," see United States v. Torres-Maldonado, 14 F.3d 95, 103 (1st Cir. 1994), rather than a more lenient vicarious liability standard, see Pinkerton v. United States, 328 U.S. 640, 645-48 (1946) (holding that a conspirator may be held vicariously liable for a substantive crime committed by a co-conspirator if that crime is reasonably foreseeable and committed in furtherance of the conspiracy). On the factual front, appellants argue that the conduct to which they admitted did not satisfy the higher

-6-

standard and that their attorneys should have forced the government to adduce proof in an evidentiary hearing establishing that appellants knew to a practical certainty that their accomplices would be using guns during the commission of the drug crimes.

In this case, it would be academic for us to address the question of whether the "practical certainty" or <u>Pinkerton</u> standard should govern convictions under § 924(c)(1), as we think there were good tactical reasons -- well within the range of acceptable professional assistance -- for appellants' attorneys not to pursue such arguments during the plea proceedings. In exchange for appellants' guilty pleas on two counts in the indictment, the government agreed to dismiss the remaining counts. Appellants' attorneys were quite successful in securing favorable plea bargains for their clients. A tactical decision not to jeopardize that bargain is therefore entirely defensible. Had the pleas been withdrawn, the government would have been free to seek convictions on all of the counts charged in the indictment. And if proven, those counts would have carried stiff additional penalties for the appellants.

As for the showing of prejudice, appellants have barely alleged, much less provided proof, that absent their attorneys' supposed errors they would have withdrawn their guilty pleas and insisted on going to trial. We therefore affirm the district court's conclusion that no claim for ineffective assistance has been shown.

**B.**

Figueroa-Romero claims that he was denied his constitutional rights of due process and effective assistance of counsel when he was forced to proceed on direct appeal without the assistance of counsel. The record is clear that Figueroa-Romero filed a motion with this Court requesting the appointment of counsel after his request for the withdrawal of trial counsel had been granted. This Court informed Figueroa-Romero that he must file a financial affidavit, as well as a motion to proceed in forma pauperis with the district court, before seeking appointment of counsel on appeal. Although Figueroa-Romero claims that he drafted and filed the required documentation, no docket entry in the district court confirms this.

It is well settled that an indigent defendant shall not be denied effective assistance of counsel on appeal. See Douglas v. California, 372 U.S. 353, 355 (1963). To that end, the Criminal Justice Act provides for the appointment of counsel for a criminal defendant who is financially unable to obtain adequate representation at any stage of the proceedings, including appeal. See 18 U.S.C. § 3006A(a) & (c). Although the Criminal Justice Act requires the district court to conduct an "appropriate inquiry" into the financial status of a defendant who seeks appointed counsel, id. § 3006A(b), the applicant bears the burden of persuading the court that he is financially unable to obtain counsel, see United States v. Harris, 707 F.2d 653, 660 (2d Cir. 1983). Appellate courts employ the "clearly erroneous" standard in

reviewing the trial court's determination as to whether an applicant qualifies for counsel. Id.

The district court found that Figueroa-Romero failed to comply with this Court's order to file in district court a motion to proceed in forma pauperis prior to requesting appointed counsel. We find no basis for upsetting the district court's ruling. Although Figueroa-Romero claims that he filed the necessary documents in district court, we only have his word and a copy of what he claims he filed to prove that he did. This is insufficient to establish clear error, and we detect no other basis for upsetting the district court's ruling on Figueroa-Romero's claim.

**Affirmed**.